IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, for the use of | : | |
| BRANCH GROUP, INC. d/b/a REXEL | : | |
| 14951 Dallas Parkway | : | |
| Dallas, TX 75254 | : | |
| | : | |
| ***Plaintiff,*** | : | |
| | : | |
| v. | : | Case No. |
| | : | |
| WORCH ELCTRIC, INC. | : | |
| 2230 Distribution Circle | : | |
| Silver Spring, MD 20910 | : | |
| | : | |
| Serve:  Metropolitan Agents, Inc. | : | |
| 4550 Montgomery Ave, Suite 775N | : | |
| Bethesda, MD 20814 | : | |
| | : | |
| *and* | : | |
| | : | |
| CHRISTIAN WORCH | : | |
| 7116 Plantation Lane | : | |
| Rockville, MD 20852-4452 | : | |
| | : | |
| *and* | : | |
| | : | |
| COLONIAL SURETY COMPANY | : | |
| 50 Chestnut Ridge Road | : | |
| Montvale, NJ  07645 | : | |
| | : | |
| Serve:  Wayne Nunziata, President | : | |
| 50 Chestnut Ridge Road | : | |
| Montvale, NJ  07645 | : | |
| | : | |
| ***Defendants.*** | : | |

## <u>COMPLAINT</u>

Plaintiff United States of America, for the use of Branch Group, Inc. d/b/a Rexel, by its

attorneys Silverman Theologou, LLP and Milt Theologou, Esquire, hereby sues the Defendants

and as grounds in support thereof states as follows:

42710

## Parties

1.      Plaintiff United States of America, for the use of Branch Group, Inc. d/b/a Rexel ("Rexel") is, and was at all times relevant hereto, a Nevada Corporation registered to do business in the state of Maryland.

2.      Defendant Worch Electric, Inc. ("WEI") is and was at all times relevant hereto a Maryland corporation.

3.      Defendant Christian Worch ("Mr. Worch") is and was at all times relevant hereto a Maryland resident.

4.      Defendant Colonial Surety Company ("Colonial") is and was at all times relevant hereto a Pennsylvania corporation.

## Factual Background

5.      On or about June 29, 2005, WEI entered into a Business Credit Application ("Agreement") with Rexel wherein WEI agreed to pay for materials provided by Rexel.  A copy of the Agreement is attached hereto as Exhibit A and incorporated herein by reference.

6.      Pursuant to the terms of the Agreement, WEI agreed to pay interest in the amount of twenty-four percent (24%) per annum on the unpaid balance of any account past due.

7.      Pursuant to the terms of the Agreement, WEI agreed to pay thirty-three and one third percent (33 1/3%) of the principal amount due for attorney's fees plus costs.

8.      Prior to the sale of materials by Rexel to WEI, Mr. Worch executed a personal guaranty ("Guaranty") wherein he agreed to be held personally liable for the account of WEI in the event of default by WEI under the Agreement.  A copy of the Guaranty is included as part of the Agreement which has been attached hereto as Exhibit A and incorporated herein by reference.

42710

9.      Pursuant to the terms of the Guaranty, Mr. Worch agreed to pay interest in the amount of twenty-four percent (24%) percent per annum on the unpaid balance of any account past due.

10.      Pursuant to the terms of the Guaranty, Mr. Worch agreed to pay thirty-three and one third percent (33 1/3%) of the principal amount due for attorney's fees plus costs.

11.      Prior to May 18, 2012, Lebolo-Watts Constructors 01 Joint Venture, LLC ("JV") was awarded a contract for the construction of a 25,000 square foot building at Ft. Meade, located at 6421 Zimborski Ave., Ft. Meade, MD 20755  (the "Project").

12.      On or about May 18, 2012, WEI entered into a Subcontract Agreement with JV for the Project.

13.      On or about July 11, 2012, WEI took out a payment bond ("Payment Bond") in the amount of Three Million Five Hundred Thousand and 00/100 dollars ($3,500,000.00).  The Surety on the bond is Colonial.  A copy of the Payment Bond is attached hereto as <u>Exhibit B</u> and incorporated herein by reference.

## COUNT I
*(Breach of Contract Against Defendant Worch Electric, Inc.)*

14.      Rexel incorporates paragraphs 1 through 13 in this Count I as if fully stated herein.

15      At the request of WEI, From March 2013 to June 2013, Rexel provided materials to WEI and sent invoices demanding payment.  WEI failed to make payment and a principal balance totaling One Hundred Two Thousand One Hundred Two and 84/100 dollars ($102,102.84) remains outstanding.  A true and accurate copy of a Statement of Account and

42710

corresponding invoice for the Project is attached hereto as <u>Exhibit C</u> and incorporated herein by reference.

16.     Despite due demand for payment and full performance by Rexel, WEI has failed to pay Rexel the balance of its account, pursuant to the Agreement, and is in breach thereof.

17.     As a result of WEI's failure to pay the balance due, Rexel has sustained damages in the following amounts:

(a)     Principal in the amount One Hundred Two Thousand One Hundred Two and 84/100 dollars ($102,102.84); and

(b)     interest from May 1, 2013 in the amount of 2% per month (24% per annum);

(c)     attorney's fees in the amount of $34,034.25 (33 1/3% of the principal balance due); and

(d)     costs of this action.

WHEREFORE Plaintiff demands judgment against Defendant, Worch Electric, Inc., in the following amounts:

(a)     Principal in the amount One Hundred Two Thousand One Hundred Two and 84/100 dollars ($102,102.84); and

(b)     interest from May 1, 2013 in the amount of 2% per month (24% per annum);

(c)     attorney's fees in the amount of $34,034.25 (33 1/3% of the principal balance due); and

(d)     costs of this action.

42710

## Count II
### *(Breach of Personal Guaranty by Christian Worch)*

18.     Rexel incorporates paragraphs 1 through 17 in this Count II as if fully stated herein.

19      At the request of WEI, From March 2013 to June 2013, Rexel provided materials to WEI and sent invoices demanding payment.  WEI failed to make payment and a principal balance totaling One Hundred Two Thousand One Hundred Two and 84/100 dollars ($102,102.84) remains outstanding.  A true and accurate copy of a Statement of Account and corresponding invoices for the Project is attached hereto as Exhibit C and incorporated herein by reference.

20.     Despite due demand for payment and full performance by Rexel and the default by WEI, guarantor, Mr. Worch, has failed to pay Rexel pursuant to the Guaranty and is in breach thereof.

21.     As a result of the breach of the Guaranty by Mr. Worch, Rexel has sustained damages in a sum equal to the outstanding balance due from WEI, which is as follows:

(a)     Principal in the amount One Hundred Two Thousand One Hundred Two and 84/100 dollars ($102,102.84); and

(b)     interest from May 1, 2013 in the amount of 2% per month (24% per annum);

(c)     attorney's fees in the amount of $34,034.25 (33 1/3% of the principal balance due); and

(d)     costs of this action.

WHEREFORE, Plaintiff demands judgment against Defendant, Christian Worch, as follows:

42710

    (a)    Principal in the amount One Hundred Two Thousand One Hundred Two and 84/100 dollars ($102,102.84); and

    (b)    interest from May 1, 2013 in the amount of 2% per month (24% per annum);

    (c)    attorney's fees in the amount of $34,034.25 (33 1/3% of the principal balance due); and

    (d)    costs of this action.

## COUNT III
### *(Breach of Payment Bond Obligation by Colonial Surety)*

22.    Rexel incorporates paragraphs 1 through 21 in this Count III as if fully stated herein.

23    At the request of WEI, From March 2013 to April 2013, Rexel provided materials to WEI for use on the Project and sent invoices demanding payment for those materials.  WEI failed to make payment and a principal balance totaling Eighty Six Thousand Nine Hundred Seventy Eight and 55/100 dollars ($86,978.55) remains outstanding.  A true and accurate copy of a Statement of Account and corresponding invoices for the Project is attached hereto as part of Exhibit C and incorporated herein by reference.

24.    The date upon which materials were last furnished by Rexel for use at the Project was on or about April 23, 2013.

25.    Pursuant to the terms of the Payment Bond, Rexel has provided all notices, made all filings, furnished all information, and taken all actions required.

26.    On or about June 20, 2013, Rexel provided notice ("Notice") by certified mail to WEI, JV, and Colonial of a claim against the Payment Bond.  Copies of the Notice and Return Receipt cards for WEI, JV, and Colonial are attached hereto as Exhibit D and incorporated herein by reference.

42710

27.     Despite due demand for payment by Rexel of Colonial, the account balance has not been paid and there remains an unpaid principal balance totaling Eighty Six Thousand Nine Hundred Seventy Eight and 55/100 dollars ($86,978.55).

28.     Despite Rexel's full compliance with the provisions of the Payment Bond, Colonial has failed, and refuses to meet its obligations under the Payment Bond and is in breach of its obligations pursuant to said bond.

29.     As a result of Colonial's failure to pay the balance of its account, Rexel has sustained damages in the following amounts:

(a)     Principal in the amount Eighty Six Thousand Nine Hundred Seventy Eight and 55/100 dollars ($86,978.55); and

(b)     interest from May 1, 2013 in the amount of 2% per month (24% per annum);

(c)     attorney's fees in the amount of $28,992.85 (33 1/3% of the principal balance due); and

(d)     costs of this action.

WHEREFORE Plaintiff demands judgment against Defendant, Colonial Surety Company, in the following amounts:

(a)     Principal in the amount Eighty Six Thousand Nine Hundred Seventy Eight and 55/100 dollars ($86,978.55); and

(b)     interest from May 1, 2013 in the amount of 2% per month (24% per annum);

(c)     attorney's fees in the amount of $28,992.85 (33 1/3% of the principal balance due); and

(d)     costs of this action.

42710

Respectfully submitted,

SILVERMAN THEOLOGOU, LLP


/s/ Milt Theologou
Milt N. Theologou  #14644
11200 Rockville Pike, Suite 520
North Bethesda, Maryland 20852
(301) 468-4990 - office
(301) 468-0215 – fax
mtheologou@silvermanlegal.com
***Attorney for Plaintiff***

42710